United States District Court
Middle District of Florida
Orlando Division

**HECTOR RIVERA,**

   *Plaintiff,*

v.                                                    **NO. 6:25-cv-1041-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

   *Defendant.*

---

# Order

The court reversed the Commissioner of Social Security's decision denying Hector Rivera's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 22, 23. Rivera requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $7,080.77 as an attorney's fee and $405.00 in costs. Doc. 25.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested a fee, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. Doc. 22 (order of remand entered on December 12, 2025); Doc. 23 (judgment entered on December 15,

2025); Doc. 25 (motion filed on January 30, 2026); Doc. 25-1 at 7 (declaration concerning net worth when the action began). The Commissioner does not contest the fourth condition. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the fee, the applicant must show that the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). The fee award "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the requested fee is based on a total of 32.8 hours of work: 25.8 hours completed in 2025 by counsel of record, Jason Quick, and 5.5 hours completed in 2025 and 1.5 hours completed in 2026 by four paralegals. Doc. 25

2

at 2; Doc. 25-1 at 5. Rivera requests an hourly rate of $258.46 for Quick's work and $75.00 for the paralegals' work. Doc. 25 at 2; Doc. 25-1 at 5. The hours multiplied by the rates equals $7,193.27, but Rivera agreed to reduce the amount of his request to $7,080.77. Doc. 25 at 2–3.

The requested rates are reasonable. Based on the court's own knowledge and the information provided about Quick, *see* Doc. 25 at 12–13, the rate for him is within the prevailing market rates for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. The increase in the cost of living from 1996 to the time Quick worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, www.bls.gov/data/inflation_calculator.htm (last visited Mar. 6, 2026). Because Rivera provides little information about all but one paralegal's experience and reputation, *see* Doc. 25 at 13, using the rate of someone with no experience is warranted. Based on the court's own knowledge, the requested rate is at the low end of the range of rates frequently awarded and thus is within the prevailing market rates for similar services provided by paralegals with no experience.

Rivera fails to satisfy his burden of showing that all of the described work is legal, rather than clerical. *See* Doc. 25-1 (5/16/2025, 1.0 hour/$75.00 to "Download and print ALJ and AC decisions for attorney review, convert to OCR, create electronic folders and print hard copy for attorney review."; 5/20/2025, .5 hours/$37.50 to "Open[] client file; create[] digital case folder."; 8/11/2025, .5 hours/$37.50 to "Download Administrative Record from Pacer. Prepare a cloud-based folder for our attorneys, and upload … information[.]"; 12/31/2025, .5 hours/$37.50 to "Compile contemporaneous time records. Enter all time entries for all attorneys and paralegals that worked on the case into

3

one single itemized time sheet."). Considering the agreed reduction of 1.5 hours/$112.50, reducing the requested hours by 1 hour/$75.00 is warranted.

The court leaves to the Commissioner's discretion whether to accept Rivera's assignment of the EAJA fee, *see* Doc. 25 at 14; Doc. 25-1 at 7, after determining whether Rivera owes a federal debt.

Rivera requests $405.00 for the filing fee. Doc. 25 at 13–14. Costs for items in 28 U.S.C. § 1920 can be awarded to the prevailing party under the EAJA. 28 U.S.C. § 2412(a). Items in § 1920 include "[f]ees of the clerk and marshal." *Id.* § 1920(1). Awarding $405.00 for costs is warranted as a fee of the clerk paid by Rivera. *See* Doc. 8 (order denying Rivera's application to proceed without prepaying fees or costs); docket entry on July 15, 2025, indicating Rivera paid the $405.00 fee.

The court **grants in part and denies in part** the motion, Doc. 25; **awards** Rivera $7,005.77 as an attorney's fee; **awards** Rivera $405.00 in taxable costs; and **directs** the clerk to enter judgment in favor of Hector Rivera and against the Commissioner of Social Security for $7,005.77 as an attorney's fee and $405.00 in taxable costs.

**Ordered** in Jacksonville, Florida, on March 6, 2026.

*Patricia D. Barksdale*

Patricia D. Barksdale
*United States Magistrate Judge*

4